UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

MARIANNE RYBICKI, a/k/a
MARIANNE FARRAR, *pro se,*

      PLAINTIFF,

      VS.                        11-2048

ILLINOIS MASONIC HOME,

      DEFENDANT.

## ORDER DENYING SUMMARY JUDGMENT

      This case is before the court for consideration of the defendant's motion for summary judgment [31]. The plaintiff has responded to the motion [35] and the defendant has replied [37].

      In addition, the defendant has moved to strike certain attachments to the plaintiff's response to the summary judgment motion. The basis of the motion to strike is that certain documents attached to the plaintiff's response were not produced by the plaintiff during discovery pursuant to the defendant's specific requests for relevant documents. The motion to strike has merit. Fact discovery closed on August 30, 2012 and no timely supplements to the defendant's requests to produce of January 6, 2012 and April 12, 2012 were made.

      The motion to strike is allowed and the following exhibits attached to the plaintiff's response are stricken and will not be considered by the court in ruling on the motion for summary judgment. Exhibit 1: pages 1 through 14 inclusive; pages 21 through 22 inclusive; page 25; pages 41 through 42 inclusive; pages 49 through 51 inclusive; and page 53. Exhibit 2: pages 1 through 18 inclusive; and page 44.

## UNDISPUTED FACTS

In her response to the motion for summary judgment, the plaintiff did dispute some of the facts advanced as undisputed by the defendant. She also argued that the investigation ordered by the defendant was made by a person associated with the defendant and therefore was not truly by an independent investigation. She also responded to some of the defendant's factual assertions not by disputing them but by making additional statements. As noted above, the court has not considered the plaintiff's exhibits attached to her response that were not produced during the discovery period in the case. Moreover, for purposes of this motion, the court accepts as true one of the plaintiff's assertions in her response to the motion for summary judgment. See paragraph 12 below.

Taking the foregoing into consideration the court considers the following factual statements are material and undisputed by the parties:

1. The defendant, Illinois Masonic Home is an Illinois not for profit corporation and operates the retirement facility known as Mason Point;

2. Mason Point is a retirement facility providing sheltered care and skilled care to eligible Masons and certain members of the public;

3. The plaintiff was hired on November 5, 2007 at Mason Point as the Manager of Dietary Services;

4. At the time of hiring, the plaintiff had a bachelor's degree, obtained in Germany, in business management and marketing;

5. At the time of hire the plaintiff had a considerable history of work related to food and diet but did not possess a degree in dietary management and was not a certificated dietary manager. She was hired, the defendant contends, with the understanding that she would become a certified dietary manager;

6. Karen Noffke was the Mason Point facility administrator during the plaintiff's employment;

7. At the time she was hired, the plaintiff worked under the supervision of Tami Robertson, the Mason Point Director of Dining Services;

8.  On February 29, 2008, the plaintiff received her 90 Day Performance Evaluation that included a number of "must improve" comments;

9.  An Illinois Department of Public Health survey on June 6, 2008, pointed out a number of deficiencies in the plaintiff's department concerning menu planning, nutritional adequacy and food preparation;

10.  In early summer 2008, the plaintiff was placed on a Corrective Action Plan;

11.  According to the defendant, the plaintiff made little progress on her Corrective Action Plan during the summer of 2008;

12.  In her response the plaintiff wrote:

> This harassment includes a statement made within the hearing of Jenna Gorman and Sydnee Ray, both dietary staff members, to Noffke and Mason Point resident Jim Matthews calling Marianne a "damn German." Other instances include when Marianne's assistant, Tamara McRill, would go to Jennifer Martin's, administrative assistant, office and make discriminatory jokes about Marianne, saying she didn't think right and could not be understood because she was German. Noffke was present for some of these instances and would join Martin in laughing at Marianne's expense, agreeing with the statements.

13.  In July 2008, matters between the plaintiff and her supervisor came to a head. Noffke alleges she received complaints about the plaintiff from other employees in the dietary section. On July 25, 2008, a meeting of dietary personnel was held at Mason Point. The plaintiff argues about what went on at the meeting, but it is uncontested that the plaintiff left work on that day and did not return until August 4, 2008. Plaintiff claims she was ill and had physician's excuses. Noffke claims the plaintiff took unauthorized time off. Upon leaving, the plaintiff gave Noffke a written complaint the essential part of which was that Noffke was discriminating against the plaintiff because she was of German origin. Noffke alleges that the plaintiff attempted to recruit residents at Mason Point to register complaints about the Mason Point administration, and that the plaintiff refused to stop trying to recruit residents to make complaints. The plaintiff has a different version.

14. On August 6, 2008, the plaintiff met with Noffke and Cliff Sullivan, the Chairman of the Mason Point Board. At the meeting the plaintiff was placed on paid leave. The plaintiff alleges her suspension was due to her national origin while the defendant alleges that it was to investigate the plaintiff's conduct in her work and her attempts to recruit residents to register complaints.

15. An investigation was held. The plaintiff alleges that the hearing officer was not impartial but a person closely connected to the defendant. The result of the investigation was that the plaintiff was discharged from her employment at Mason Point on November 22, 2008.

16. The plaintiff was replaced by a person (presumably native born) who had received advanced training in dietary and nutrition programs and who was a certified Dietary Manager and Food Production Professional.

## ANALYSIS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56, the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

ANALYSIS

In a Title VII case, a plaintiff can prove discrimination under the direct method by presenting direct evidence of discrimination, or circumstantial evidence that permits an inference that discrimination was a motivating factor in the claimed discrimination, or both. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973) *seriatim. See also Winsley v. Cook County,* 563 F.3d 598, 604 (7th Cir. 2009).

Here the plaintiff claims national origin discrimination. Under the statement of facts filed by the parties bearing on the pending motion, she claims to have direct evidence of discriminatory remarks by her supervisor, Noffke, in the presence of other Mason Point employees and residents. At least if she is able to produce the witnesses she describes in paragraph 12 above, she could make out a prima facie case of discrimination. Whether a trier of fact would find the evidence credible or persuasive of discriminatory intent on the part of the defendant in terminating the plaintiff's employment is not something that can be decided by the court on summary judgment.

The opinion in *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622 (7th Cir. 2009) is instructive. There the plaintiff claimed her contract of employment was not renewed by the defendant because of national origin discrimination. (She also claimed other grounds of discrimination but, for purposes of this case, the national origin claim is instructive.) The trial court gave summary judgment to the defendant on the national origin claim  The reviewing court returned the case to the trial court for trial on the national origin claim.

> Darchak's testimony presents specific facts, even if that testimony may be less plausible than the opposing litigant's conflicting testimony (a question we need not - nay, cannot - reach.) And while it is also true that isolated remarks are not enough to meet the plaintiff's burden, remarks coupled with an adverse employment action suffice.   (Citations omitted.) A reasonable jury could find that Darchak's report of Acevedo's remarks convincing, and it is undisputed that Darchak's contract was not renewed at Acevedo's recommendation and the contract nonrenewal is an adverse employment action. Nothing more is needed to demonstrate that a plaintiff has established a prima facie case under the direct method of proof.

*Darchak*, 580 F.3d at 631-32.

Here, in Rybicki's case, the claim is for national origin discrimination and on this record the court rules that she will be able to make out a prima facie case that will require the trier of fact to resolve. Summary judgment at this juncture is inappropriate.

The motion for summary judgment [31] is denied. The motion to strike [36] is allowed in part and denied in part as set out in this order. The plaintiff is proceeding *pro se* in this matter and the court will schedule a pretrial hearing to determine if, due to her lack of legal training, the plaintiff has a legitimate excuse for not producing during discovery the documents attached to her reply to the summary judgment motion. The court will also want to inquire into her efforts to secure representation by counsel and her ability to continue to represent herself in the trial of the matter. A conference to discuss these and other matters is scheduled for April 1, 2013, at 1:30 p.m. by personal appearance. The final pretrial conference also remains scheduled for April 10, 2013, at 1:30 p.m. by personal appearance.

IT IS SO ORDERED.

Enter this 27th day of March 2013.

                                           **s/Harold A. Baker**
                                  _____
                                         Harold A. Baker
                               United States District Judge